UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY ROWE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-02673-SEB-DML |
| WEXFORD OF INDIANA, LLC,<br>PAUL A. TALBOT MD,<br>ALEYCIA MCCULLOUGH,<br>MONICA GIBSON RN, | ) |
| Defendants. | ) |

**ENTRY GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT OF ALEYCIA MCCULLOUGH**

### I. Background

Plaintiff Larry Rowe alleges in this civil rights action that on October 9, 2017, a portion of the ceiling of his dorm at Pendleton Correctional Facility (Pendleton) collapsed, striking him and causing injuries. Among other claims, Mr. Rowe alleges that Ms. Aleycia McCullough failed to adequately treat his injuries and denied his requests for additional treatment in violation of the Eighth Amendment.

Ms. McCullough has moved for summary judgment and Mr. Rowe has not opposed the motion. For the reasons explained in this Entry, Ms. McCullough's unopposed motion for summary judgment, filed on February 8, 2019, must be **granted.**

### II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). "Material facts are those that might affect the outcome of the suit under applicable

substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The motion for summary judgment, brief in support, and Local Rule 56-1 notice were served on Mr. Rowe on February 8, 2019. Dkt. Nos. 35, 36, 37. As noted, no response has been filed, and the deadline for doing so has long passed.

The consequence of Mr. Rowe's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion
#### A. Undisputed Facts

The following facts, unopposed by Mr. Rowe and supported by admissible evidence, are accepted as true:

From June 2015, to April 1, 2017, Ms. McCullough worked for Corizon, LLC as the Health Services Administrator at Pendleton. On April 1, 2017, she moved to Kansas and has resided and been employed in Kansas since that date. She did not work at Pendleton in October 2017. She was not involved with Mr. Rowe's medical care after the October 9, 2017, incident.

### B. Analysis

As noted, Mr. Rowe alleges that he was injured on October 9, 2017, and Ms. McCullough denied him proper medical care. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Here, it is undisputed that Ms. McCullough could not have denied or provided medical treatment to Mr. Rowe in October 2017 because she was not employed at Pendleton at that time. She last worked at Pendleton seven months prior to that. She had no personal involvement with his treatment. Therefore, as a matter of law, Ms. McCullough cannot be liable for any injuries to Mr. Rowe.

### IV. Conclusion

Ms. McCullough's unopposed motion for summary judgment, dkt. [35], is **granted.** No partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 5/14/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LARRY ROWE
217518
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Lyubov Gore
INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

Nathan Aaron Pagryzinski
BLEEKE DILLON CRANDALL, P.C.
nathan@bleekedilloncrandall.com

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov